**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | |
|---|---|
| BILL PETTY,<br>individually and on behalf of others<br>similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM D. WELLS and SPECIALTY<br>LAWN CARE, INC., doing business as US<br>LAWNS OF TERRE HAUTE<br><br>Defendants. | **COLLECTIVE ACTION PURSUANT<br>TO 29 USC § 216(b)**<br><br>Cause No.   2:19-cv-112 |

*COLLECTIVE ACTION COMPLAINT FOR DAMAGES*

Comes now the Plaintiff, Bill Petty (hereinafter "Petty"), individually and on behalf of others similarly situated, by his counsel, and for his claim against the Defendants, William D. Wells (hereinafter "Wells"), and Specialty Lawn Care, Inc. (hereinafter "Specialty") both doing business as US Lawns of Terre Haute, alleges and says:

*A. Fair Labor Standards Action.*

1. Petty brings this collective action against Wells and Specialty pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 USC § 216(b), for minimum wage and overtime pay violations. Petty also brings this action for himself and all current and/or former employees of Wells and Specialty who were not paid at an overtime rate for hours worked over forty (40) in a work week.

2. Petty is a resident of the State of Indiana, and is domiciled in Terre Haute, Vigo County,

*HUNT, HASSLER,*
*LORENZ & KONDRAS LLP*
100 Cherry St.
Terre Haute, IN  47807
(812) 232-9691
Fax (812) 234-2881

1

Indiana.

3. Wells and Specialty are engaged in the business of providing lawn care services under the name of US Lawns of Terre Haute located at 2793 W. U.S. Hwy 40, Brazil, IN, 47834.

4. Petty worked for Wells and Specialty until October of 2018 at which time he resigned his position. He is no longer an employee of either.

5. Wells and Specialty failed and refused to pay Petty overtime compensation for all hours which Petty worked in excess of forty hours per week. Wells and Specialty have similarly failed and refused to pay other employees overtime compensation for such work.

6. Wells and Specialty have intentionally and knowingly violated their employees' right to earned wages through their illegal practices regarding minimum wages and overtime compensation and continues to do so.

7. In Petty's case, as has been true in the cases of many current and former Wells and Sepcialty employees, Wells and Specialty have failed and refused to make a payment of accrued wages, at the minimum rate required by federal and state law.

8. Petty brings this action individually, as a collective action, and as a class action on behalf of other current and former Wells and/or Specialty employees who were as a result not paid overtime compensation required by law.

9. This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b) on behalf of Petty and on behalf of all Wells and Specialty current and former employees who were damaged by Wells' and Specialty's illegal wage withholding practices (causing minimum wage violations), and also by Wells' and Specialty's illegal overtime compensation practices. By virtue of the "collective action," Petty represents the identical and/or

HUNT, HASSLER,
LORENZ & KONDRAS LLP
100 Cherry St.
Terre Haute, IN  47807
(812) 232-9691
Fax (812) 234-2881

2

similar interests of former and current co-workers denied wages under the same circumstance. Petty anticipates that other Wells and Specialty employees and former employees will opt in to the action upon notice.

10. The number of Wells' and Specialty's current and former employees who will be members of this collective action are so numerous that joinder of all members is impracticable. Instead, Petty will pursue discovery to obtain the names of the other current and former Wells and Specialty employees, to provide notice of the collective action, and to offer the opt in opportunity.

11. Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group.

12. The claims of Petty, the representative party, are typical of the claims of the whole collective group of current and former Wells and/or Specialty employees harmed by Wells' and Specialty's illegal wage practices.

13. Petty will act to fairly and adequately protect the interests of the entire collective group of current and former Wells and/or Specialty employees.

14. A concurrent collective action is superior to other available means for the fair and efficient prosecution of these wage claims against Wells and Specialty.  For example, to prove Wells' and Sepcialty's illegal wage practices, Petty and other members of this collective group would seek in discovery records about all similarly situated current and former Wells and Specialty employees to whom overtime compensation was denied.  Individual lawsuits by the members of the collective group could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds.  Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

HUNT, HASSLER,
LORENZ & KONDRAS LLP
100 Cherry St.
Terre Haute, IN  47807
(812) 232-9691
Fax (812) 234-2881

3

15. A determination regarding the "similarness" of those able to participate in the collective action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of individual group member injured by Wells' and/or Specialty's actions. Some, if not most, of the individual group members may not be aware of their rights to their wages under Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

16. A concurrent collective action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

17. This Court has jurisdiction over Petty's claims as his FLSA claims raise a question of federal law, 29 USC § 201 et seq.

18. This Court is the appropriate venue for this cause of action as Petty resides and worked for Wells and Specialty in Vigo County and Clay County, Indiana.

19. Wells and Specialty are "enterprises," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA. Further, Petty and all other similarly situated group members were "individually" covered and protected by the FLSA, as Wells and Sepcialty was, and is, engaged in interstate commerce.

20. For all members of the collective group, Wells and Specialty violated the FLSA's minimum wage provisions when it did not compensate employees for hours worked. Additionally, Wells and Specialty violated the FLSA's overtime provisions by not paying employees, such as Petty, at an overtime rate for all hours worked over 40 in a work week.

21. Wells' and Specialty's failure to comply with the FLSA's provisions regarding minimum

*HUNT, HASSLER,*
*LORENZ & KONDRAS LLP*
100 Cherry St.
Terre Haute, IN  47807
(812) 232-9691
Fax (812) 234-2881

4

wages and overtime compensation is willful and without justification, and subjects Wells and Specialty to a three year statute of limitations.

22. Petty seeks, for himself and all members of the collective group, all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Wells' and Specialty's violations of the Fair Labor Standards Act.

### B. Claim Under Indiana Wage Payment Act

23. Petty incorporates herein by reference paragraphs 2 through 8 above.

24. Because Petty voluntarily resigned from his employment with Wells and Specialty, Petty's wage claims are governed by the Indiana Wage Payment Act, I.C. 22-2-5-1.

25. Wells; and Specialty's failure to pay Petty's wages in full and on time subjects Wells and Specialty to penalties and damages under the Indiana Wage Payment Act. See I.C. 22-2-5-2. More than twenty (20) days have passed since Wells and Specialty could have last paid Petty his wages in full and on time, subjecting Wells and Specialty to the maximum penalties and damages under the Indiana Wage Payment Act. I.C. 22-2-5-2.

26. Wells and Specialty are obligated to pay Petty's reasonable attorney's fees, costs and expenses because Wells and Specialty violated Petty's rights under the Indiana Wage Payment Act.

WHEREFORE, Plaintiff, Bill Petty, individually and on behalf of members of the collective group of current and former employees of William D. Wells and/or Specialty Lawn Care, Inc., doing business as US Lawns of Terre Haute requests that the Court enter judgment against Defendants, William D. Wells and/or Specialty Lawn Care, Inc., doing business as US Lawns of Terre Haute, and issue all available relief to him and to the entire collective group, including, but not limited to, the

HUNT, HASSLER,
LORENZ & KONDRAS LLP
100 Cherry St.
Terre Haute, IN  47807
(812) 232-9691
Fax (812) 234-2881

following:

    1.  All damages available under the FLSA, and Indiana law, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages and all penalties;

    2. All reasonable attorney's fees and expenses;

    3.  Costs;

    4.  Pre-judgment interest, if applicable; and

    5.  Any and all other relief just and proper in the premises.

HUNT, HASSLER, LORENZ & KONDRAS LLP

By s/Robert F. Hunt
   Robert F. Hunt, Attorney Number 7889-84

100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
hunt@huntlawfirm.net

*HUNT, HASSLER,*
*LORENZ & KONDRAS LLP*
100 Cherry St.
Terre Haute, IN  47807
(812) 232-9691
Fax (812) 234-2881

6